09-0099-ag (L)
Kingsbridge Heights v. NLRB

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/ ). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-third day of December, two thousand and nine.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KINGSBRIDGE HEIGHTS CARE CENTER, INC.,
d/b/a Kingsbridge Heights Rehabilitation and Care Center,

> *Petitioner-Cross-Respondent,*

> -v.-                                                              Nos. 09-0099-ag (L),
>                                                                   09-0864 (XAP)

NATIONAL LABOR RELATIONS BOARD,

> *Respondent-Cross-Petitioner.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

FOR PETITIONER-CROSS-RESPONDENT:                    PAUL M. SOD, Lawrence, NY.

FOR RESPONDENT-CROSS-PETITIONER:                    JILL A. GRIFFIN (Gregory P.
                                                    Lauro, Attorney, *on the brief*,
                                                    Ronald Meisburg, General
                                                    Counsel, John E. Higgins, Jr.,
                                                    Deputy General Counsel, John H.
                                                    Ferguson, Associate General
                                                    Counsel, Linda Dreeben, Deputy
                                                    Associate General Counsel, *of
                                                    counsel*) National Labor Relations
                                                    Board, Washington, D.C.


Appeal from a December 24, 2008 order of the National Labor Relations Board.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** the petition for review is **DENIED** and NLRB's cross-petition for enforcement is **GRANTED**.

Petitioner-cross-respondent Kingsbridge Heights Care Center, Inc. ("Kingsbridge") petitions for review of an order and decision of respondent-cross-petitioner National Labor Relations Board ("NLRB" or the "Board") which found that Kingsbridge failed to make complete contributions to various union-sponsored employee-benefit funds, in violation of the National Labor Relations Act, as amended, 29 U.S.C. § 151, 160(a) (the "Act"). The NLRB ordered Kingsbridge to reimburse the funds with the contributions that Kingsbridge had failed to make as well as to make employees whole for losses suffered. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

On appeal, Kingsbridge argues that (1) the Board's order should be vacated for lack of a quorum of Board members, and (2) the Board erred in ordering repayment of all unpaid contributions without concrete evidence of the employees' interests in the benefit funds, making repayment a windfall to the funds. The NLRB seeks, as cross-petitioner, enforcement of its order of December 24, 2008.

Kingsbridge's first argument, that the Board's order should be vacated because it was decided by only two members of the NLRB, was rejected by our Court in *Snell Island SNF LLC v. NLRB*, 568 F.3d 410 (2d Cir. 2009), which held that a two-member quorum may issue enforceable decisions. Here the Board's decision was issued by its two then-active members acting as a quorum of a three-member group to which the Board had previously designated all of its powers as permitted by the Act. Accordingly we move to the merits of the petition.

Kingsbridge contends that the Board erred by ordering the company to pay into the union funds the contributions it failed to make on behalf of its union employees, and to continue to make the required timely contributions until the parties reach an agreement or bargain to impasse. Under the Act, the Board may design a remedy for a violation of the Act that restores "the economic *status quo* that would have obtained but for the [unfair labor practice]." *NLRB v. J.H. Rutter-Rex Mfg.* Co., 396 U.S.

2

258, 263 (1969).  The Board has "broad" discretion in formulating remedies, "subject to limited judicial review."  *Fibreboard Prods. Corp. v. NLRB*, 379 U.S. 203, 216 (1964).  This Court accords deference to the remedies imposed by the Board, *see NLRB v. Coca-Cola Bottling Co.*, 191 F.3d 316, 323 (2d Cir. 1999), and we will enforce a Board order "where [the Board's] legal conclusions are reasonably based, and its factual findings are supported by substantial evidence on the record as a whole."  *NLRB v. Katz's Delicatessen of Houston Street, Inc.*, 80 F.3d 755, 763 (2d Cir. 1996).  We will overturn a remedy imposed by the Board only where it is proven to be  "a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act."  *NLRB v. Fugazy Continental Corp.*, 817 F.2d 979, 982 (2d Cir. 1987) (quoting *Va. Elec. & Power Co.*, 319 U.S. 533, 540 (1943)).

Kingsbridge contends that "literal compliance" with the remedy imposed is punitive, speculative, and will result in a windfall to the union funds.  However, on this record, we do not find the Board's order requiring reimbursement of those employees to be punitive or "a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act."  *Id.*  And, in any event, finding the Board's remedy unreasonable at this stage would be premature—the Board has yet to determine how Kingsbridge's payments should be structured because there has been no compliance proceeding.  Compliance determinations are routinely made "after entry of a Board order directing remedial action, or the entry of a court judgment enforcing such [an] order." 29 C.F.R. § 102.52. "Formal proceedings, including a hearing before an ALJ, are instituted when it is necessary to resolve compliance issues."  *Katz's Delicatessen*, 80 F.3d at 771 (citing 29 C.F.R. § 102.54).

Kingsbridge relies on our decision in *Manhattan Eye Ear & Throat Hosp. v. NLRB*, where we declined to enforce the Board's order. 942 F.2d 151 (2d Cir. 1991).  *Manhattan Eye* held that proper remedies must not provide windfalls to union funds and that "before the Board may award backpayments for failure to pay into the [union funds], it must have concrete evidence that the [employees] have an economic interest in the future of those [funds]."  *Id.* at 157-58.  However, that case was decided only *after* the NLRB had conducted compliance proceedings.  Indeed, we have likened NLRB compliance proceedings "to the damages phase of a civil proceeding." *Katz's Delicatessen*, 80 F.3d at 771.  We do not see a compelling reason to depart from the procedural posture of our precedent.

Accordingly, we remand this case to the NLRB, with instructions to initiate formal compliance proceedings in accordance with 29 C.F.R. § 102.54 to resolve remaining questions.  "In doing so, we . . . emphasize that the compliance proceedings should aim to restore [the employer's] individual employees to the position they would have occupied had [Kingsbridge] not violated the NLRA, *without* creating a windfall for [the union]."  *Id.* at 771-72.

## CONCLUSION

For the reasons stated above, the petition for review is DENIED and NLRB's cross-petition for enforcement is GRANTED.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By _____